**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                           No. 96-4783

JACKIE FRANKLIN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Joseph F. Anderson, Jr., District Judge.
(CR-95-872)

Submitted: June 12, 1997

Decided: June 24, 1997

Before WIDENER and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis H. Lang, CALLISON, TIGHE, ROBINSON & HAWKINS,
L.L.P., Columbia, South Carolina, for Appellant. J. Rene Josey,
United States Attorney, E. Jean Howard, Assistant United States
Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jackie Franklin appeals from his sentence upon his plea of guilty to conspiring to possess with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994). The district court sentenced him to 235 months of incarceration and five years of supervised release. On appeal, Franklin challenges two rulings made by the court as to the amount of drugs attributed to him.

The court must establish the amount of drugs attributable to a defendant for sentencing purposes by a preponderance of the evidence. See United States v. Irvin, 2 F.3d 72, 75 (4th Cir. 1993). The district court's factual determination of the amount of drugs attributable to a defendant is reviewable for clear error. See United States v. McDonald, 61 F.3d 248, 255 (4th Cir. 1995). Furthermore, the district court is afforded broad discretion as to what information to credit in making its calculations. See United States v. Falesbork, 5 F.3d 715, 722 (4th Cir. 1993).

Franklin claims that the court erred by attributing 7-1/2 ounces of crack cocaine to him based on a statement by Carlos Davis, which was admitted into evidence at sentencing. According to the statement, Davis saw Franklin cut up 1-1/2 ounces of crack cocaine. Davis also stated that he had known Franklin to pick up crack cocaine three times a week in quantities of two to three ounces. A police officer testified at Franklin's sentencing hearing as to an interview with Davis during which Davis related the same information contained in his statement. Franklin contends that Davis's statement is insufficient to establish that the conduct therein was part of the same course of conduct or common scheme or plan as the offense of conviction because the charged conspiracy covers a period from 1993 through 1995 and Davis's statement begins by relating that Franklin had been selling drugs since 1989. The court did not clearly err in finding that Davis's

2

statement also covered the time period of the charged conspiracy. Also, district courts may take relevant conduct into account in determining a defendant's sentence whether or not the defendant has been convicted of the charges constituting the relevant conduct. See United States Sentencing Commission, Guidelines Manual , § 1B1.3 (Nov. 1996); United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994). It is irrelevant that Davis was not a co-defendant or that there was testimony that contradicted Davis's statement.

Franklin also argues that there is no indication that the 1-1/2 ounce that Davis allegedly saw Franklin cut up was not part of the two or three ounces Franklin got in a week. In a case such as this, however, "`[w]here there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance.'" United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994) (quoting U.S.S.G. § 2D1.1, comment. (n.12)). The sentencing guidelines do not demand certainty and precision; they demand that a court do the best that it can with the evidence in the record, erring on the side of caution. See United States v. Cook, 76 F.3d 596, 604 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3293 (U.S. Oct. 15, 1996) (No. 96-5822); United States v. Uwaeme, 975 F.2d 1016, 1018-19 (4th Cir. 1992). Thus, we afford the district court broad discretion in making this estimate. See Cook, 76 F.3d at 604. We find that the court did not clearly err in conservatively estimating the amount of cocaine base attributable to Franklin as 7-1/2 ounces based on Davis's statement.

Franklin next contends that the court erred by attributing 106.3125 grams of cocaine base to him based on testimony that was not credible. However, the credibility of a witness is the sole province of the finder of fact and is not subject to review on appeal. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). We find no error in the amount of drugs the court attributed to Franklin.

Accordingly, we affirm Franklin's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED